UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH ANN PAKENAS, guardian
of PATTI ROGERS, a legally incapacitated
individual,

     Plaintiff,                                      Case No. 05-60152

v.                                               Hon. John Corbett O'Meara
                                                    Hon. Virginia Morgan

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

     Defendant.
_____/

**ORDER OVERRULING OBJECTIONS OF PLAINTIFF, ELIZABETH
ANN PAKENAS, JOHN ROGERS, AND ARNOLD PAKENAS
TO MAGISTRATE'S AUGUST 2, 2007 ORDER AND DENYING
<u>MOTION FOR PROTECTIVE ORDER</u>**

Before the court are objections to Magistrate Judge Virginia Morgan's August 2, 2007 order compelling discovery. Plaintiff filed timely objections on August 20, 2007; third parties Elizabeth Ann Pakenas (in her individual capacity), John Rogers, and Arnold Pakenas filed untimely objections on August 21, 2007.[1] The third parties also filed a motion for protective order on August 21, 2007, to which Defendant responded on August 30, 2007.

This case involves Plaintiff's claim for attendant care benefits for Patti Rogers, who was injured in an automobile accident in 1976. State Farm has been paying benefits to Rogers since that time. Elizabeth Ann Pakenas is Rogers' sister and John Rogers is her husband. Both Pakenas and John Rogers claim that they have provided attendant care to Patti Rogers and are entitled to payment from State Farm. State Farm is investigating whether these claims are

---

[1] The court will nonetheless consider the objections, because these individuals were apparently not served with Defendant's motion to compel.

fraudulent. In the August 2 order, Judge Morgan compelled the production of the tax returns and cell phone records of Patti Rogers, John Rogers, and Elizabeth Ann Pakenas.

Pursuant to 28 U.S.C. § 636(b)(1)(A), this court may modify or set aside any portion of Magistrate Judge Morgan's order that is "clearly erroneous or contrary to law." See also Fed. R. Civ. P. 72(a). Pakenas and John Rogers assert that the court does not have jurisdiction over them as non-parties. Defendant did, however, issue subpoenas to both of them requesting tax returns. See Fed. R. Civ. P. 45; Cuthbertson v. Excel Indus., Inc., 179 F.R.D. 599, 602 (D. Kan. 1998) (noting proper procedure for obtaining jurisdiction over non-party is to issue subpoena pursuant to Rule 45). Pakenas and Rogers objected to the subpoenas. Pakenas and Rogers contend that the subpoenas were not the subject of Defendant's motion before Judge Morgan, and thus the magistrate exceeded her authority.

Although the proper procedure was for Defendant to file and serve a motion to enforce the subpoenas, Pakenas and Rogers have now had an opportunity to have their positions heard through their objections to the magistrate's order. Cf. Cuthbertson, 179 F.R.D. at 602 (holding that the court lacked jurisdiction to issue an order compelling discovery where the non-party was neither served with a subpoena nor given an opportunity to be heard). The court has reviewed the submissions of the parties and non-parties, as well as the applicable legal authority, and concludes that the magistrate's decision was not clearly erroneous or contrary to law on the merits. The court comes to the same conclusion with respect to the other issues raised by the parties.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's August 20, 2007 objections to the magistrate judge's order are OVERRULED.

IT IS FURTHER ORDERED that the August 21, 2007 objections of Elizabeth Ann Pakenas (in her individual capacity), John Rogers, and Arnold Pakenas are OVERRULED.

IT IS FURTHER ORDERED that the August 21, 2007 motion for protective order as to issuance or enforcement of subpoenas is DENIED.

                                        s/John Corbett O'Meara
                                        United States District Judge

Dated: October 11, 2007

I hereby certify that a copy of the foregoing document served upon the parties of record on this date, October 11, 2007, by electronic and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager