UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH ANN PAKENAS, guardian
of PATTI ROGERS, a legally incapacitated
individual,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
    _____/

Case No. 05-60152

Hon. John Corbett O'Meara
Hon. Virginia Morgan

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR A NEW TRIAL**

Before the court is Plaintiff's motion for a new trial, filed March 30, 2009. Defendant submitted a response April 13, 2009; Plaintiff filed a reply brief on April 22, 2009. Pursuant to Local Rule 7.1(e)(2), the court did not hear oral argument.

This is an action for no-fault personal injury protection benefits, in which Plaintiff Elizabeth Pakenas is primarily claiming reimbursement for attendant care provided to her sister, Patti Rogers. Mrs. Rogers was injured in an automobile accident in 1976. Plaintiff claims that she and Mrs. Rogers's husband, John Rogers, provided 24-hour-per-day attendant care for Mrs. Rogers seven days per week, during the time period from June 29, 2004, to the date of trial. Plaintiff submitted claims to Defendant State Farm for 24-hour-per-day attendant care for this time period.

At trial, however, Plaintiff and John Rogers admitted that they did not, in fact, provide 24-hour-per-day attendant care for Mrs. Rogers. Pakenas testified that Mrs. Rogers "sometimes"

went to doctor's appointments on her own and that "there would be some days where . . . she was by herself, but for the majority, and this is a big, big majority, either John, myself or she's been at the pharmacy, one of the kids, you know, whatever, somebody has managed to be with Patti." Pakenas Tr. Vol. 2 at 10, 26.  Pakenas also testified that Mrs. Rogers does "survey shopping," where she evaluates the service at establishments such as restaurants.[1]  Pakenas Tr. Vol. 1 at 15.  Even Mrs. Rogers's doctor, Dr. Verma, acknowledged that she does not need care "for activities of daily living" including feeding and dressing herself, but rather only "loose supervision on a day-to-day basis" or "24-7 on call availability" based upon her history of seizures. Verma Dep. at 12-13.

John Rogers testified that he did not actually start providing 24-hour-per-day care until after his deposition was taken on November 27, 2006.  Rogers Tr. at 22.  Rogers also testified:

> Q: [T]his was your testimony to me in 2006 that you left her alone all day and that's the first time you realized it was dangerous to do so because she climbed up on a ladder and she fell down, remember that?
> A: Yes, I did.  Yes, I do remember that.
> Q: Do you remember testifying that even after that you would leave her alone for four hours at a time?
> A: There were times when I had to, yes.
> Q: Sure.  You had to so you could go work out at the gym, remember?
> A: (Witness nods head.)
> Q: Is that a yes?
> A: Yes, absolutely.
> Q: You had to because you liked to go for walks?
> A: Yes.

Rogers Tr. at 27-28.

---

[1] Surveillance video of Mrs. Rogers showed that she was able to conduct some errands on her own, although she apparently was not able to drive.

Rogers further testified that for a period of time, until he retired in 2004, no one was providing attendant care for Patti Rogers. Rogers Tr. at 36. Rogers also testified:

> Q: You never kept track of any time that you've actually provided any attendant care have you?
> A: I'm sorry.
> Q: You've never actually kept track –
> A: I don't keep track of it. We keep a book as to where we're at.
> Q: Sure. And you've included in these billings times when you're sleeping next to your wife, correct, right?
> A: I suppose so.
> Q: You included time when you weren't home?
> A: I suppose so. I don't know. I didn't even make the time out.
> Q: Well it's 24/7. Whoever wrote it down, that what it's for, 24/7, and you acknowledge there's times when she's by herself?
> A: She was by herself.
> Q: Sure. So how can a jury – I can't – there's no way to tell what you're billing here for is there?
> A: I don't do the billing, so I wouldn't know.

Rogers Tr. at 38-39.

Despite these admissions, which establish that 24-hour-per-day attendant care was neither provided nor needed, Pakenas submitted only claims for 24-hour-per-day attendant care to State Farm. In granting State Farm's Rule 50 motion, the court determined that Plaintiff could not demonstrate that 24-hour-per-day attendant care expenses had been incurred as a result of the 1976 automobile accident. Given the evidence, the jury had no reasonable basis to award 24-hour-per-day attendant care and no reasonable basis to estimate how much care, if any, was actually provided.

Plaintiff seeks a new trial because she contends that the court erred in granting

Defendant's motion for judgment as a matter of law.[2]  See Noble v. Brinker Int'l Inc., 391 F.3d 715, 720 (6th Cir. 2004). Judgment as a matter of law "may be granted only if in viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party." Id.

In addition to challenging the substance of the court's ruling, Plaintiff objects because Plaintiff's counsel was ill and was not in the courtroom when the ruling was announced. Plaintiff also contends that the court evidenced personal bias against her and should have recused himself pursuant to 28 U.S.C. § 455(b)(1).

The court's disposition of this case was the result of its view of the merits, rather than any personal bias directed against Plaintiff. See In re Triple S Restaurants, Inc., 422 F.3d 405, 417 (6th Cir. 2005) (generally "opinions held by judges as a result of what they learn in the proceedings at issue or in earlier proceedings are 'not subject to deprecatory characterization as "bias" or "prejudice."'"). Plaintiff's counsel did not provide the court sufficient notice of his illness to enable the court to reschedule court proceedings and notify the jury. Having already made the decision to grant Defendant's Rule 50 motion, the court announced its ruling out of respect for the jury's time and effort. Although it is unfortunate that Plaintiff's counsel was unable to attend this proceeding, it had no bearing on the court's decision on the merits.

With respect to the merits, a new trial is not warranted. As noted above, the jury had no reasonable basis to award 24-hour-per-day attendant care and no reasonable basis to estimate how much care, if any, was actually provided. As a result, no reasonable jury could have found

---

[2] In this respect the court construes Plaintiff's motion as a motion for reconsideration, rather than arising under Fed. R. Civ. P. 59.

that Plaintiff submitted reasonable proof that attendant care expenses were incurred.  See Burris v. Allstate Ins. Co., 480 Mich. 1081, 745 N.W.2d 101, 103-104 (2008) (allowable expenses under no-fault act must be (1) reasonable; (2) reasonably necessary; and (3) actually incurred).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for a new trial is DENIED.

s/John Corbett O'Meara<br>
United States District Judge

Date:  September 10, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 10, 2009, by electronic and/or ordinary mail.

sWilliam Barkholz<br>
Case Manager