UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH ANN PAKENAS, guardian
of PATTI ROGERS, a legally incapacitated
individual,

    Plaintiff,                                      Case No. 05-60152

v.                                               Hon. John Corbett O'Meara
                                                Hon. Virginia Morgan

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR ATTORNEY FEES**

Before the court is Defendant's motion for attorney fees and costs, filed April 14, 2009. Plaintiff submitted a response on April 28, 2009; Defendant filed a reply brief on May 5, 2009. The court did not hear oral argument.

After a two-week trial, the court granted Defendant's motion for judgment as a matter of law, finding that no reasonable jury could find in favor of Plaintiff on her claim for no-fault attendant care benefits. Defendant seeks reimbursement of its attorney fees and costs pursuant to M.C.L. 500.3148(2). The statute provides that "[a]n insurer may be allowed by a court an award of a reasonable sum against a claimant as an attorney's fee for the insurer's attorney and defense against a claim that *was in some respect fraudulent or so excessive as to have no reasonable foundation*." Id. (emphasis added). Although there are no published cases applying this provision, the Michigan Court of Appeals has upheld attorney's fee awards to defendant insurers in unpublished decisions. See Robinson v. Allstate Ins. Co., 2004 WL 1057811 (Mich. App.

May 11, 2004); Stoops v. Farm Bureau Ins. Co., 2006 WL 751404 (Mich. App. Mar. 23, 2006).

In Robinson, for example, the court upheld an attorney fee award to the defendant where the plaintiff obtained a verdict of $4,000 on an $82,000 claim.  In this case, Plaintiff sought reimbursement for attendant care expenses in the amount of $1,139,038.  The court found, as a matter of law, that Plaintiff did not substantiate that 24-hour-per-day attendant care was actually provided to Patti Rogers.  Indeed, both Elizabeth Pakenas and John Rogers admitted at trial that care was not provided 24 hours per day, seven days per week, which was their claim to State Farm.  Accordingly, the court finds that Plaintiff's claim "was in some respect fraudulent or so excessive as to have no reasonable foundation" and Defendant is entitled to a reasonable attorney fee pursuant to M.C.L. 500.3148(2).

In determining a reasonable attorney fee, "a trial court should begin its analysis by determining the fee customarily charged in the locality for similar legal services. . . . [by using] reliable surveys or other credible evidence of the legal market." Smith v. Khouri, 481 Mich. 519, 530, 751 N.W.2d 472 (2008).  "This number should be multiplied by the reasonable number of hours expended in the case. . . .  The number produced by this calculation should serve as a starting point for calculating a reasonable attorney fee." Id. at 531.  The court should then consider the factors outlined in Wood v. DAIIE, 413 Mich. 573, 588, 321 N.W.2d 653 (1982) and Michigan Rule of Professional Conduct 1.5(a) to determine if they warrant an increase or decrease in the base number.  The factors considered in Wood are as follows:

> (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.

Wood, 413 Mich. at 588.  The factors set forth in 1.5(a) overlap those in Wood:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

M.R.P.C. 1.5(a).  See also Khouri, 481 Mich. at 530-31.

Defendant is seeking $212,380 in attorney's fees, which represents 1,061.9 hours at $200 per hour.  Defendant's primary counsel were James Hewson and Diane L. Aimar-Saylor, who have been practicing law for twenty-nine and sixteen years, respectively.  Based upon a 2003 State Bar of Michigan economics of law practice survey, as well as the court's experience with similar motions, the court finds these rates to be reasonable for counsel of their level of experience.  The court also finds the number of hours expended to be reasonable, given the length of time this case has been pending, the extensive discovery and depositions conducted, and the length of the trial.  Significantly, Plaintiff has not disputed that Defendant's counsel's rates and the time expended are reasonable.  Moreover, considering the other factors enumerated above, the court finds no basis to either increase or decrease the award.

Plaintiff does dispute, however, the $13,387.50 in paralegal fees sought by Defendant.  Under Michigan law, unless the statute provides otherwise, paralegal fees are not separately

recoverable. See Allard v. State Farm Ins. Co., 271 Mich. App. 394, 722 N.W.2d 268, 275 (2006). The statute, M.C.L. 500.3148(2), does not provide for paralegal fees. Accordingly, the court will not award them here.

Plaintiff also disputes Defendant's bill of costs, which totals $21,738.73. Indeed, it appears that Defendant has included a significant amount of costs that are not taxable, including expert witness fees and copying costs. From the bill of costs, it is difficult for the court to determine which costs are taxable and which are not, because the costs have not been properly supported as outlined in the Bill of Costs Handbook. See Bill of Costs Handbook, U.S. District Court, Eastern District of Michigan (Nov. 2007). Given that the vast majority of Defendant's costs (such as expert witness fees) are not taxable and that Defendant has not properly supported its bill of costs, the court is not inclined to grant costs here, as it cannot reliably determine which costs are properly taxable.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for attorney's fees and costs is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

                                                           s/John Corbett O'Meara
                                                           United States District Judge

Date: September 10, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 10, 2009, by electronic and/or ordinary mail.

                                                           s/William Barkholz
                                                           Case Manager